IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES IVAN KING,<br><br>    Plaintiff,<br>  v.<br><br>STARBUCKS CORPORATION,<br><br>    Defendant. | NO. C 04-00016 JW<br><br>**SCHEDULING ORDER** |

On October 18, 2005, the Court conducted a case management conference in the above-entitled matter. A further case management is scheduled for February 27, 2006 at 10 a.m. The parties are ordered to comply with the following schedule:

### A. Standing Order to Lodge Printed Copy of "ECF" Papers

1. In all cases, including cases covered by the Electronic Case Filing System of the Court "ECF," when filing papers in connection with any motion for determination by the Judge or Preliminary Pretrial and Trial Setting Conference Statements and Proposed Orders, the parties shall, in addition to filing papers electronically, lodge with Chambers a printed copy of the papers by the close of the next court day following the day the papers are filed electronically. *See* Standing Order Regarding Case Management in Civil Cases. These printed copies shall be submitted to the Clerk's Office, in an envelope clearly marked "Chambers Copy -- Lodged for the Chambers of Judge Ware" and shall state the case name and case number. Parties shall not "file" a paper copy of any document with the Clerk's Office that has already been e-filed.

### B. Compliance with Discovery Plan and Reference to Magistrate Judge

2. The parties are ordered to comply with the discovery plan set forth in the Joint Case Management Statement. Any disputes with respect to the implementation of the discovery plan and all disclosure or discovery disputes are referred to the assigned Magistrate Judge. In addition, any disputes pertaining to service or joinder of parties or claims are referred to the assigned Magistrate Judge.

### C. Document Management During Pretrial Discovery and Electronic Evidence Presentation

3. This Court has available a digital and video electronic evidence presentation system. The parties are ordered to familiarize themselves with the system, and to meet and confer about whether the case will involve voluminous documentary. If so, as the parties identify documentary material which is likely to be used as trial exhibits, the parties are ordered to electronically store these materials in a fashion which will facilitate displaying them electronically during the trial. The parties are reminded that Civil L.R. 30-2(b) requires sequential numbering of exhibits during depositions and that numbering must be maintained for those exhibits throughout the litigation. Each proposed exhibit shall be pre-marked for identification. All exhibits shall be marked with numerals. The parties shall meet and confer on a division which will avoid duplication (e.g., Plaintiff: 1-99,000; Defendant: 100,000-299,999). The Court's standard order for pretrial preparation also applies. The Court orders as follows:

### D. Disclosure of Expert Witnesses

4. Any party wishing to present expert witness testimony with respect to a claim or a defense shall lodge with the Court and serve on all other parties the name, address, qualifications, résumé and a written report which complies with Fed.R.Civ.P. 26(a)(2)(B) on or before November 28, 2005.

5. Expert witness disclosure must be made with respect to a person who is either (a) specially retained or specially employed to provide expert testimony pursuant to Fed.R.Evid. 702 or (b) a regular employee or agent or treating physician who may be called to provide expert opinion testimony.

6. The parties are also required to lodge any supplemental reports to which any expert will testify at trial in accordance with Fed.R.Civ.P. 26(a)(2)(B).

7. Any party objecting to the qualifications or proposed testimony of an expert must file, serve and notice a motion to exclude the expert or any portion of the expert's testimony in writing in accordance with Civil Local Rule 7-2, for hearing no later than January 16, 2006 at 9:00 a.m.

### E.  Rebuttal Expert Witnesses

8. If the testimony of the expert is intended solely to contradict or rebut opinion testimony on the same subject matter identified by another party, the party proffering a rebuttal expert shall make the disclosures required by Fed.R.Civ.P. 26(a)(2)(B), no later than December 8, 2005.

### F.  Limitation on Testimony by Expert Witnesses

9. Unless the parties enter into a written stipulation otherwise, upon timely objection, an expert witness shall be precluded from testifying about any actions or opinions not disclosed prior to the expert's deposition.  This is to ensure that all factual material upon which expert opinion may be based and all tests and reports are completed prior to the expert deposition.  Unless application is made prior to the close of expert discovery, each party will be limited to calling only one expert witness in each discipline involved in the case.

### G.  Close of Discovery

10. The parties have stipulated to a date for close of all pre-trial discovery**.**  Pursuant to Civil L.R. 26-2, all discovery, including supplemental disclosure, depositions of expert witnesses, must be completed by January 27, 2006.

### H.  Last date for Hearing Dispositive Motions

11. The last day for hearing dispositive motions is March 27, 2006 at 9:00 a.m.  Any motions must be noticed in accordance with the Local Rules of this Court.

### I.  Preliminary Pretrial and Trial Setting Conference Statement and Proposed Order

12. The attorneys who will try the case are ordered to confer with one another and to file and lodge with Chambers on April 14, 2006, a Preliminary Pretrial and Trial Setting Conference Statement and Proposed Order, stating their readiness for trial, the amount of time which the Court

should allocate for trial and the calendar period for the trial. Ordinarily, depending on the length of the trial the Court will set the trial during a calendar period approximately three to four months after the Preliminary Pretrial and Trial Setting Conference. In the Statement discussed in this paragraph, the parties should show any cause why the case should be advanced or delayed beyond this period.

13. The attorneys and Plaintiff, if pro se, who will try the case are ordered to appear on April 24, 2006 at 11:00 a.m. for a Preliminary Pretrial and Trial Setting Conference.

14. With respect to the time allocation for trial, at the Preliminary Pretrial and Trial Setting Conference trial counsel will be asked to stipulate to a time allocation to each side for the trial of the case. Once a stipulated allocation has been entered, the parties must plan their presentations to conform to the stipulated time allocation.

15. With respect to the calendar period for trial, based on the time allotted to the case, a calendar period for trial will be set. In the event it becomes necessary to delay the start of trial because of the Court's calendar, the commencement date will trail from day-to day until the other matter is concluded or further order of court.

### J.  Alternative Dispute Resolution

16. The parties are referred to Magistrate Judge Seeborg for a settlement conference. The parties shall contact Bernie Kunkel at (408) 535-5357 no later than November 14, 2006 to schedule a conference.

None of the dates set in this order may be changed without an order of the court made after a motion is duly filed and made pursuant to the local rules of this court.

Dated: October 18, 2005
04eciv0016cmcheld

JAMES WARE
United States District Judge

4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

David R. Burtt dburtt@perkinscoie.com
David R. Ongaro dongaro@perkinscoie.com

Charles Ivan King
177 Webster Street, #211
Monterey, CA 93940

**Dated: October 18, 2005**                    **Richard W. Wieking, Clerk**

                                               **By:** _____
                                                    **Ronald L. Davis**
                                                    **Courtroom Deputy**